SHELL EMPLOYEES' BENEFIT FUND, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100399.    Promulgated May 13, 1941.

*Ray Vandervoort, Esq.,* for the petitioner.
*Alva C. Baird, Esq.,* for the respondent.

OPINION.

STERNHAGEN: The petitioner claims exemption from tax in years other than 1927 under section 103 (16), Revenue Acts of 1928 and

1932, and section 101 (16), Revenue Act of 1934.[1]  It argues that 85 percent or more of its income consists of amounts collected from members.  Although the ratio of members' payments to total receipts is in each year substantially less than 85 percent, the theory of the argument is that the employer's contributions are gifts and not income; that the statutory ratio is expressed in terms of "income"; that over 85 percent of its "income" consists of amounts collected from members; and, further, that the word "income" in the percentage clause means net income.  For 1927, which is governed by the Revenue Act of 1926, containing no 85 percent clause, petitioner claims not an exemption, but an excess of expenses over income if the employer contributions be excluded.  This contention also applies to subsequent years, but is necessarily bound up with the argument for exemption.

Claiming an exemption, the petitioner must establish a clear statutory provision granting it.  Doubts and ambiguities are not to be resolved in favor of the exemption.  If the exemption is available to petitioner only upon the ground that the employer's contributions are gifts and not income, petitioner must prove that ground affirmatively as well as that the statute was intended to exclude such contributions from the income upon which the percentage ratio is computed.

1. The petitioner fails on both propositions.  The contributions made by the employer were not gifts, and they are none the less income because of the provision of the bylaws that the employer was under no obligation to make them, *Levey* v. *Helvering*, 68 Fed. (2d) 401; *Fisher* v. *Commissioner*, 59 Fed. (2d) 192; *Georgia S. Williams*, 36 B. T. A. 974; *James H. Anderson*, 31 B. T. A. 197; affd., 79 Fed. (2d) 979.  The corporation did not intend them to be gifts, as is shown by its failure to call them gifts or to express otherwise such intention, and by its treatment of them on its tax returns as ordinary and necessary business expenses.  The intent of the giver is an important factor in proving a gift, *Bogardus* v. *Commissioner*, 302 U. S. 34; *Fisher* v. *Commissioner*, *supra; Noel* v. *Parrott*, 15 Fed. (2d) 669; and a gift by a corporation without special and clear authorization expressly to make a gift as such is an idea which can not be readily accepted, *Botchford* v. *Commissioner*, 81 Fed. (2d) 914.  A receipt, however difficult of characterization or classification, is not, for want of a better label and for the sake of a tax advantage, to be called a gift, *Acme Land & Fur Co.*, 31 B. T. A. 582; affd., 84 Fed. (2d) 441,

---

[1] (16) Voluntary employees' beneficiary associations providing for the payment of life, sick, accident, or other benefits to the members of such association or their dependents, if (A) no part of their net earnings inures (other than through such payments) to the benefit of any private shareholder or individual, and (B) 85 per centum or more of the income consists of amounts collected from members for the sole purpose of making such payments and meeting expenses.

any more than a charitable contribution, *Philadelphia & Reading Relief Association*, 4 B. T. A. 713.

A rational interpretation of the statute requires calling the employer's contribution income. The exemption was intended only when the employees themselves contributed to their benefit association the large proportion of its benefit funds. The stress was on the part collected from employees and not upon the word "income." It may indeed be doubted whether the word itself is important enough in expressing the statutory intent to justify the disregard of true gifts from an individual if they are big enough to reduce the employee ratio to less than 85 percent, for the statute was plainly intended to reach employees' self-supporting benefit associations and not those supported by beneficent employers or philanthropists.

2. In order to establish its exemption, petitioner next contends that the word "income" in the percentage clause must be read to mean net income; and that since, after deducting its expenses and thus arriving at the net income, the amount collected from employees is more than 85 percent, the statutory exemption has been met. This meaning of the word "income" is incorrect. The intendment of the exemption, as just explained, does not permit it. In the first place, it would be impossible to apply the 85 percent to a base which results mathematically from the subtraction of deductions like general expenses from a total of receipts derived from various sources. Leaving aside the question whether employers' contributions are properly called income, there is still in this case an amount of income from sources other than the amounts collected from members. Net income would be determined by subtracting the proper deductions from the composite aggregate of these income items, irrespective of whether the deductions could be related to any identified part of the receipts. After arriving at net income by this mathematical process, there is no formula to determine the percentage of net income derived from any particular source. Since the employer contributions are to be included in the base, it is impossible to determine the percentage of net income attributable to collections from members. The sensible meaning of the word "income" in this clause, one which can be practically applied, is that of gross income or receipts. This holding, however, is not for the purpose of giving a definitive or exclusive meaning to the word "income", but only to hold negatively that the word may not be used narrowly as meaning net income as petitioner contends. The clause must be interpreted to accomplish the manifest purpose of the statute, and it is only necessary now to say that this can not be done by reading the word "income" as if it meant net income.

3. The petitioner next contends that if the employer's contributions are not held to be gifts they must be held to have been constructively collected from the members after having been constructively paid to

them by the employer. This contention is utterly lacking in substance or support and must be rejected. There is nothing in the bylaws to support the theory and there is nothing in the evidence to indicate such an intention of either the employer or the employees. The by-laws quoted in the findings show clearly that the employer was making its contribution directly to the association on its own account and not in behalf of the employees.

4. Some question is made whether the "income" of the percentage clause properly includes the petitioner's tax-exempt income. Tax-exempt income appears only for the latest four years, but how it was treated in the determination of the deficiency is not clear. However, the question of its proper treatment in this case is moot in view of the decision that since the employer's contribution must be included in the percentage base there is in any event less than the required percentage of employee collections to give petitioner the exemption claimed. The kuestion is therefore left undecided.

*Decision will be entered for the respondent.*